IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBEKANAND SATPATHY, d/b/a AMADORE ENTERTAINMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>CATHAY PACIFIC AIRWAYS, LTD.; COVENANT AVIATION SECURITY, LLC; TRANSPORTATION SECURITY ADMINISTRATION; CITY AND COUNTY OF SAN FRANCISCO; THAI AIRWAYS INTERNATIONAL, LTD. and DOES 1 to 50,<br><br>    Defendants.<br>_____/ | No. C 04-5334 CW<br><br>ORDER DECLINING TO REMAND |

    The Court ordered the parties to show cause why this case should not be remanded to State court.  Defendant Covenant Aviation Security, LLC (Covenant) filed a motion opposing remand on the grounds that jurisdiction is proper pursuant to 28 U.S.C. § 1331(a) and 28 U.S.C. § 1441(a).  Plaintiff Bibekanand Satpathy did not

respond to the order. The matter was submitted on the papers. The Court will not remand the case.

## BACKGROUND

### I. Procedural History

Plaintiff originally filed a civil complaint in the Superior Court of the State of California against multiple defendants alleging damage to baggage containing motion picture film. The case was subsequently removed to federal court on December 16, 2004. On February 10, 2005, Plaintiff voluntarily dismissed his claims against Defendant Transportation Security Administration (TSA), and on March 25, 2005, Plaintiff voluntarily dismissed his claims against Defendant City and County of San Francisco (San Francisco).

On September 9, 2005, the Court granted a motion for summary judgment submitted by Defendants Cathay Pacific Airways, LTD. (Cathay Pacific) and Thai International Airways (Thai Airways), finding that the rights and liabilities of those parties are governed exclusively by the Warsaw Convention, 49 U.S.C. § 40104, and Plaintiff's claims were barred for failure to give timely notice. Covenant did not join the motion.

### II. Relevant Facts

Covenant is a limited liability company organized under the laws of the State of Illinois. (James Jacobson Dec. ¶ 3). The sole member of Covenant is CAS Holdings, Inc. (CAS). (Id. at ¶ 4). CAS is a corporation organized under the laws of the State of Illinois and having its sole place of business in Illinois. (Id. at ¶ 5). Plaintiff is, and at all times relevant here was, a

2

1  resident of Alameda County, California.

## DISCUSSION

Covenant contends that, because it is a citizen of Illinois and Plaintiff is a citizen of California and the amount in controversy exceeds $75,000, diversity jurisdiction persists in this case.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  If a case is filed in State court and a defendant seeks removal to federal court, complete diversity generally must exist at the time of the original action and at the time of the petition for removal.  28 U.S.C. § 1441(b); Pullman Co. v. Jenkins, 305 U.S. 534, 537, 539 (1939).

At the time this case was removed, complete diversity did not exist because Defendant San Francisco shared citizenship with Plaintiff.  Moor v. County of Alameda, 411 U.S. 693, 717-18 (1973) (counties and cities are citizens of a State for diversity purposes).  Nevertheless, federal jurisdiction was properly exercised pursuant to 28 U.S.C. § 1441(d) and 1442(a)(1), because

3

the complaint named a "foreign state" (Thai Airways) within the meaning of 28 U.S.C. § 1603 and an agency of the United States (TSA) as defendants. Subsequently, Plaintiff dismissed his claims against the non-diverse San Francisco as well as the TSA. Then, on September 9, 2005, the Court granted summary judgment to Thai Airways and Cathay Pacific. Thus, the claims against all non-diverse parties have been dismissed.

Covenant is a limited liability company. Federal courts have treated the citizenship of limited liability corporations like that of partnerships. See Handelsman v. Bedford Vill. Assoc. Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, the Supreme Court has held that the citizenship of limited liability partnerships is not decided under the jurisdictional rule established for corporations. Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449 (1900). Accordingly, Covenant's citizenship "depends on the citizenship of all the members composing such association." Carden v. Arkoma Ass'n, 494 U.S. 185, 195 (1990). CAS is the sole member of Covenant and is incorporated and has its sole place of business in Illinois. Thus, Covenant is a citizen of Illinois.

Plaintiff's complaint alleges, among other things, $73,000 in damages to his motion picture film as well as a loss of $12,000,000 for a contract to produce a film. Thus, the amount in controversy

4

exceeds $75,000.

Therefore, because the claims against all non-diverse parties have been dismissed and the remaining parties are now diverse, the Court retains jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, the Court will retain jurisdiction over this case.

IT IS SO ORDERED.

Dated: 10/14/05

CLAUDIA WILKEN
United States District Judge