**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBEKANAND SATPATHY, d/b/a AMADORE ENTERTAINMENT,<br><br>        Plaintiff,<br><br>    v.<br><br>CATHAY PACIFIC AIRWAYS, LTD.;<br>COVENANT AVIATION SECURITY, LLC;<br>TRANSPORTATION SECURITY<br>ADMINISTRATION; CITY AND COUNTY OF<br>SAN FRANCISCO; THAI AIRWAYS<br>INTERNATIONAL, LTD. and DOES 1 to 50,<br><br>        Defendants.<br>_____/ | No. C 04-5334 CW<br><br>ORDER DENYING<br>DEFENDANTS'<br>MOTION FOR FINAL<br>JUDGMENT |

    Defendants Cathay Pacific Airways, LTD. (Cathay Pacific) and
Thai International Airways International, LTD. (Thai Airways) have
filed a motion for entry of final judgment pursuant to Federal Rule
of Civil Procedure 54(b).  Collectively, Cathay Pacific and Thai
Airways are referred to as Moving Defendants.  Plaintiff Bibekanand
Satpathy did not file an opposition.  This matter was submitted on
the papers.  Having considered all of the papers, the Court DENIES
Moving Defendants' motion for entry of final judgment.

United States District Court

For the Northern District of California

1          BACKGROUND

2     Plaintiff originally filed a civil complaint in the Superior

3 Court of the State of California against multiple defendants

4 alleging damage to baggage containing motion picture film.  The

5 case was subsequently removed to federal court on December 16,

6 2004.  On February 10, 2005, Plaintiff voluntarily dismissed his

7 claims against Defendant Transportation Security Administration

8 (TSA), and on March 25, 2005, Plaintiff voluntarily dismissed his

9 claims against Defendant City and County of San Francisco (San

10 Francisco).

11     On September 9, 2005, the Court granted a motion for summary

12 judgment submitted by Moving Defendants, finding that the rights

13 and liabilities of those parties are governed exclusively by the

14 Warsaw Convention, 49 U.S.C. § 40104, and Plaintiff's claims were

15 barred for failure to give timely notice.  Defendant Covenant

16 Aviation Security, LLC (Covenant) did not join the motion.

17     The Court ordered Covenant and Plaintiff to show cause why the

18 case should not be remanded to State court.  Covenant answered in

19 opposition to remand.  On October 14, 2005, the Court decided that

20 the parties were diverse and declined to remand the case.

21          LEGAL STANDARD

22     Under Rule 54(b), the Court may enter final judgment on one or

23 more claims "upon an express determination that there is no just

24 reason for delay . . ."  Fed. R. Civ. P. 54(b).  Curtiss-Wright

25 Corp. v. General Elec. Co., 446 U.S. 1 (1980) articulates a two

26 step test for determining when there is no just reason for delay.

27 First, the Court must determine if the judgment is a final

28

2

United States District Court

For the Northern District of California

1   judgment.  Curtiss-Wright, 446 U.S. at 7.  Second, the Court must

2   determine whether there is any just reason for delay.  Id. at 8.

3   The analysis of a just reason for delay examines first whether the

4   claims under review are separable from those remaining to be

5   adjudicated and, second, whether there is a likelihood that an

6   appellate court would have to decide the same issues more than

7   once.  Gregorian v. Izvestia, 871 F.2d 1515, 1518-20 (9th Cir.

8   1989).

9                            DISCUSSION

10       Moving Defendants contend that there is no just reason for

11  delay of a final judgment in their favor.  They explain that they

12  have been granted summary judgment resolving all of Plaintiff's

13  claims against them under the Warsaw Convention.  In addition,

14  Moving Defendants argue that, because Covenant and Plaintiff will

15  not be governed by the Warsaw Convention or by federal law, the

16  issues of liability for them are severable from those of Covenant.

17       The Ninth Circuit has described the standard for entering

18  judgment under Rule 54(b) as follows:

19           Judgments under Rule 54(b) must be reserved for the
             unusual case in which the costs and risks of multiplying
20           the number of proceedings and of overcrowding the
             appellate docket are outbalanced by pressing needs of the
21           litigants for an early and separate judgment as to some
             claims or parties.  The trial court should not direct
22           entry of judgment under Rule 54(b) unless it has made
             specific findings setting forth the reasons for its
23           order.  Those findings should include a determination
             whether, upon any review of the judgment entered under
24           the rule, the appellate court will be required to address
             legal or factual issues that are similar to those
25           contained in the claims still pending before the trial
             court.  A similarity of legal or factual issues will
26           weigh heavily against entry of judgment under the rule,
             and in such cases a Rule 54(b) order will be proper only
27           where necessary to avoid a harsh and unjust result,

28                                     3

United States District Court

For the Northern District of California

1    documented by further and specific findings.

2  Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)

3  (internal citations omitted).

4      Moving Defendants correctly observe that summary judgment

5  resolved all of Plaintiff's claims against them under the Warsaw

6  Convention.  Because Covenant did not join Moving Defendants'

7  summary judgment motion, however, the Court has not reached the

8  issue of whether Plaintiff's claims against Covenant are governed

9  by State law, preempted by the Warsaw Convention or controlled by

10 other federal law.  Accordingly, the possibility remains that

11 Plaintiff's claims against Covenant will proceed under the Warsaw

12 Convention invoking similar legal issues as the resolved claims

13 against Moving Defendants.  Thus, entering final judgment in favor

14 of Moving Defendants at this time potentially would burden the

15 Ninth Circuit should duplicative appeals raising the same legal

16 issues be taken.

17      Significantly, even if the claims against Covenant are

18 severable legally from the claims against Moving Defendants, the

19 factual basis for both claims is the same.  Thus, a piecemeal

20 appeal to the Ninth Circuit involving similar factual issues would

21 not serve the interests of judicial economy.  See Wood v. GCC BEND,

22 LLC, 422 F.3d 873, 20-21 (9th Cir. 2005) (court found that Rule

23 54(b) request was improperly granted where the facts on all claims

24 and issues overlap).

25      Finally, Moving Defendants have not presented any pressing

26 needs for early and separate judgment to outbalance the concern for

27 efficient, sound judicial administration.  See Archer, 655 F.2d at

28                                    4

965.    Therefore, the Court denies Moving Defendants' 54(b) motion.

CONCLUSION

    For the foregoing reasons, the Court DENIES Moving Defendants' motion for entry of final judgment.

    IT IS SO ORDERED.

Dated: 10/31/05

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

5